IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **VIRGINIA BAKER** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO._____ |
| **ALLY FINANCIAL INC.**, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, **VIRGINIA BAKER**, by and through the undersigned counsel, and files this, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, his Complaint against Defendant **ALLY FINANCIAL INC.** In support thereof, Plaintiff respectfully shows this honorable Court as follows:

## JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3).

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff, VIRGINIA BAKER ("Plaintiff"), is a natural person who at all relevant times resided in Raleigh, North Carolina (Wake County).

4. Defendant, ALLY FINANCIAL INC. ("Defendant") is a Michigan company that may be properly served with process via its registered agent, to wit: CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

5. Defendant conducts its business via interstate commerce and specifically places calls or causes calls to be placed to Raleigh, North Carolina.

## FACTUAL ALLEGATIONS

6. On or about March 17, 2017 Defendant placed a call to Plaintiff's cellular phone number 919-478-1345 from telephone number 972-537-3109. Plaintiff returned Defendant's call and spoke with a representative of Defendant and during the ensuing communication, Plaintiff unequivocally stated to Defendant to stop calling her cell phone.

7. Despite Plaintiff's demand that Defendant cease and desist from placing any and all further telephone calls to Plaintiff, thereafter Defendant placed over Two Hundred Ten (210) additional calls to Plaintiff's cellular telephone.

8. Defendant placed the above-described calls to a telephone number assigned to a cellular telephone service.

9. Upon information and good-faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial phone numbers without human intervention.

10. Upon information and good-faith belief, Defendant used such hardware and software to place the calls described above to Plaintiff's cellular telephone.

11. Defendant did not place any telephone calls to Plaintiff's cellular telephone for emergency purposes.

12. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above willfully and knowingly, meaning that Defendant consciously and deliberately made the calls referenced herein.

13. Defendant placed telephone calls to Plaintiff's cellular telephone under its own free will.

14. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone.

15. Upon information and good-faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above.

16. In addition, and upon information and good-faith belief, Defendant had

knowledge that it was using, and intended to use, an automatic telephone dialing system to place the telephone calls described above to Plaintiff.

17. Upon information and good-faith belief, Defendant maintains business records that will evidence all calls Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice.

## COUNT I

18. Plaintiff incorporates herein each allegation above as if restated in their entirety.

19. Defendant, by its actions as described above, violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

c) In the alternative, awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiff actual damages, if any, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury.

Dated:

Respectfully submitted,

*/s/ John O'Neal*
John O'Neal
NC State Bar # 23446
O'Neal Law Office
7 Battleground Court, Suite 103
Greensboro, NC 27408
Phone: 336-510-7904
Fax: 336-510-7965
Email: john@oneallawoffice.com

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: 678-781-1012
Fax: 877-570-5413
Email: alex@a-s-law.com